UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DANIEL M. GREENBERG,

      Plaintiff,                                CASE NO. 8:23-cv-02986

v.                                            JURY TRIAL DEMANDED

EXPERIAN INFORMATION SOLUTIONS, INC.,

      Defendant.
_____/

# COMPLAINT

NOW comes DANIEL M. GREENBERG ("Plaintiff"), by and through the undersigned, complaining as to the conduct of EXPERIAN INFORMATION SOLUTIONS, INC. ("Experian" or "Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 *et seq*.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FCRA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C. §1681p, 28 U.S.C. §§1331 and 1337(a), as the action arises under the laws of the United States.

1

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Middle District of Florida and a substantial portion of the events or omissions giving rise to the claims occurred within the Middle District of Florida.

## PARTIES

4. Plaintiff is a natural person over 18 years-of-age residing in Venice, Florida, which falls within the Middle District of Florida.

5. Experian is a consumer reporting agency that maintains credit information on approximately 220+ million U.S. consumers and 40 million active U.S. businesses.[1] Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports and credit files to third parties bearing on a consumer's credit worthiness, credit standing, and credit capacity on a nationwide basis, including in the state of Florida. Experian maintains its principal place of business at 475 Anton Boulevard, Costa Mesa, California.

## FACTS SUPPORTING CAUSE OF ACTION

6. Towards the middle of 2023, Plaintiff noticed a number of erroneous items, primarily medical debts, appearing on his Experian credit reports.

---

[1] https://www.experian.com/corporate/experian-corporate-factsheet.html

7. Plaintiff reached out to the entities reporting the subject debts, as well as Experian, to discuss the inaccurate reporting and inform them of the erroneous nature of the debts appearing on his credit report.

8. The furnishers of information could not identify Plaintiff by his name, social security number, date of birth, or any other identifiable information.

9. Upon information and belief, Defendant was attributing information regarding an individual who has a similar name as, but who ultimately is not, Plaintiff, and caused this information to appear on Plaintiff's credit reports despite it belonging to the correct individual.

10. Upon further information and belief, any reasonable procedures designed to promote the accuracy of the information included in its consumer reports would have led to the discovery that this information had been erroneously attributed to Plaintiff.

11. Despite the erroneous information being removed from Plaintiff's credit report for a time, Defendant allowed further erroneous information of a different individual to continue be reporting on Plaintiff's credit report.

12. As such, Defendant failed to reasonably respond and investigate Plaintiff's disputes upon being put on sufficient notice that it was including patently false and materially misleading information about Plaintiff on his credit reports.

13. Upon information and belief, despite actual knowledge that Plaintiff's credit file has been merged with that of another, Defendant readily sold Plaintiff's

inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaitniff's credit worthiness.

14. Plaintiff has been subjected to months of hardship and multiple credit denials stemming from Defendant's failures to address Plaintiff's dispute and remove the blatantly erroneous information from Plaintiff's credit file.

15. Defendant negligently and willfully violated the FCRA by continuing to list erroneous accounts and information on Plaintiff's consumer credit report, despite Plaintiff's dispute and the clarity with which Defendant should have known the reporting to be inaccurate.

16. Defendant should have marked Plaintiff's account with a "do not merge" or other indication to prevent the erroneous reporting Defendant fostered and allowed despite being provided information to the contrary.

17. Defendant was made aware that Plaintiff's credit information may have been mixed with that of another, but despite their errors in mixing these files in the first place, Defendant also subsequently failed to remedy their errors after Plaintiff disputed the debts and informed Defendant of their error.

18. The reporting of the various trade lines and addresses is patently inaccurate and materially misleading given the absence of any relationship between Plaintiff and the creditors represented by Defendant.

19. Any reasonable investigation engaged in by Defendant would and should have revealed the inaccuracy of the information on Plaintiff's credit report.

### IMPACT OF INACCURATE INFORMATION IN PLAINTIFF'S CREDIT FILE

20. The erroneous reporting of the subject account paints a false and damaging image of Plaintiff. Specifically, the inaccurate reporting of the subject account has had a significant adverse impact on Plaintiff's credit rating and creditworthiness because it misleads creditors into believing that Plaintiff cannot honor her financial obligations, and thus a high-risk consumer.

21. The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to obtain financing and/or credit opportunities, and to regain a firm foothold on her creditworthiness, credit standing, and credit capacity.

22. As a result of the conduct, actions, and inactions of Defendant, Plaintiff has suffered various types of damages as set forth herein, including specifically, out of pocket expenses, including the purchase of credit monitoring to help monitor Defendant's reporting, the loss of credit opportunity, decreased credit score, tracking the status of his disputes, monitoring his credit files, and mental and emotional pain and suffering.

23. Due to the conduct of Defendant, Plaintiff was forced to retain counsel to correct the inaccuracies in her Experian credit files.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

24. Plaintiff restates and realleges paragraphs 1 through 23 as though fully set forth herein.

25. Defendant is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

26. Defendant is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

27. At all times relevant, the above-referenced credit reports were "consumer reports" as that term is defined by §1681a(d).

28. At all times relevant, Plaintiff was a "consumer" as the term is defined by 15 U.S.C. §1681a(c).

   a. **Violations of 15 U.S.C. § 1681e(b)**

29. The FCRA mandates that "[w]henever a consumer reporting agency prepares a consumer report it shall follow reasonable procedures to assure maximum possible accuracy of the information concerning the individual about whom the report relates." 15 U.S.C. § 1681e(b).

30. The FCRA requires that the credit reporting industry to implement procedures and systems to promote accurate credit reporting.

31. Defendant violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the

consumer reports it furnished and refurnished regarding Plaintiff. Defendant has prepared patently false and materially misleading consumer reports concerning Plaintiff by its allowance of the reporting of inaccurate information on Plaintiff's credit report to persist and through its persistent merging of Plaintiff's credit file with that of another individual.

32. Experian knew or should have known that the inaccurate information contained in Plaintiff's credit file did not belong to him, and certainly became aware after Plaintiff put Experian on notice that certain accounts did not belong to him. Its allowance for the continued reporting of the this inaccurate information following illustrates the absence of procedures designed to ensure the maximum possible accuracy of Defendant's reporting.

33. By deviating from the standards established by the credit reporting industry and the FCRA, Defendant acted with reckless disregard for its duties to report accurate and complete consumer credit information.

34. Despite actual knowledge that Plaintiff's credit file was mixed with that of another person, Defendant readily sold false reports to one or more third parties, thereby painting a false and damaging picture of Plaintiff.

35. Defendant's refusal to correct patently false and materially misleading information as mandated by the FCRA reveals a conscious disregard of the rights of Plaintiff and consumers in general.

36. As demonstrated by the facts, Defendant's conduct was willful and wanton and displayed a reckless disregard of the rights of Plaintiff.

37. As stated above, Plaintiff was severely harmed by Defendant's conduct.

### b. Violations of 15 U.S.C. § 1681i- § 1681g

38. The FCRA provides that if a CRA conducts an investigation of disputed information and confirms that the information is, in fact, inaccurate, or is unable to verify the accuracy of the disputed information, the CRA is required to delete that item of information from the consumer's file. *See* 15 U.S.C. §1681i(a)(5)(A).

39. Defendant violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate, to record the current status of the disputed information, and to subsequently delete or correct the information on Plaintiff's credit file

40. Through his dispute, Plaintiff provided Defendant with indisputable evidence that certain accounts and addresses were not his.

41. Had Defendant conducted any investigation, it would have updated Plaintiff's consumer file and removed all erroneous accounts.

42. Had Defendant taken any steps to investigate Plaintiff's valid dispute, it would have determined that Plaintiff's credit file was being linked to a third party who was not Plaintiff.

43. Defendant violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff regarding his disputes of the inaccurate information.

44. Had Defendant reviewed the documents submitted by Plaintiff, it would have been impossible for Defendant to persist in its reporting of the inaccurate information.

45. Experian violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his Experian credit report so Plaintiff can evaluate his file for inaccuracies.

46. Defendant violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the incorrect information that was the subject of Plaintiff's disputes.

47. Defendant violated 15 U.S.C. §1681g(a)(1) by failing to completely and accurately disclose to Plaintiff all the information in Plaintiff's credit file when Plaintiff tried to access his Experian credit report so Plaintiff can evaluate his file for inaccuracies.

48. Despite actual knowledge that Plaintiff's credit file has been merged with that of another, Defendant readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting critical facts about Plaintiff, thus adversely affecting Plaintiff's credit worthiness.

49. Upon information and belief, Defendant does not conduct independent investigations into consumer disputes, instead merely parroting whatever information was provided by a particular furnisher.

50. As stated above, Plaintiff was severely harmed by Experian's conduct.

WHEREFORE, Plaintiff, DANIEL M. GREENBERG, respectfully requests that this Honorable Court enter judgment in his favor as follows:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. An order directing that Defendant immediately delete all of the inaccurate information from Plaintiff's credit reports and credit files;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

Dated: December 28, 2023                    Respectfully submitted,

                                            /s/ Alexander J. Taylor
                                            Alexander J. Taylor, Esq.

                                              Florida Bar. No. 1013947  
                                              *Counsel for Plaintiff*  
                                              Sulaiman Law Group, Ltd  
                                              2500 S Highland Ave, Ste. 200  
                                              Lombard, IL 60148  
                                              Telephone: (630) 575-8181  
                                              ataylor@sulaimanlaw.com